MRS. RAYMOND ADAMS, DR. C. T. JOHNSON, H. D. JONES AND MISS MARY McEACHERN, INDIVIDUALLY AND AS TRUSTEES OF FLORA MACDONALD COLLEGE, A CORPORATION, v. FLORA MACDONALD COLLEGE, A CORPORATION.

(Filed 14 January, 1960.)

**1. Corporations § 32—**

Upon the filing of a valid consolidation agreement by three educational corporations, the separate existence of each of the three consolidating corporations is terminated. G.S. 55A-42.

**2. Colleges and Universities—**

Where religious educational corporations are owned and controlled by certain Presbyteries of the denomination, the officers and trustees of the separate corporations have no legal rights in regard to the management of the properties which they may assert against the owning and controlling Presbyteries.

**3. Same—**

Where the Presbyteries owning and controlling three separate educational corporations ratify and confirm a consolidation agreement under which the three educational corporations were merged into one, the consolidation is validated and it is immaterial whether the consolidated agreement as executed conformed to that originally contemplated by the Presbyteries and the Synod, and any technical irregularities in regard to the authorization and execution of the agreement by the Board of Trustees and officers of any one of the corporations is cured.

**4. Same—**

Where the trustees of an educational corporation, at a meeting duly held and attended by more than a majority of them authorize and direct the execution by the corporation of a consolidation agreement, such action is sufficient predicate for the execution of the agreement after a temporary order restraining the consummation of the agreement had been dissolved, and technical objections to the validity of an authorization acted on at a meeting of the trustees subsequent to the dissolution of the restraining order are immaterial.

**5. Same—**

Objection that a consolidation agreement was executed on behalf of an educational corporation by the president of the college rather than the president of the corporation becomes moot when it appears that the person asserted to be the president of the corporation thereafter signs it.

APPEAL by plaintiffs from *Hall, J.*, May Civil Term, 1959, of ROBESON.

Civil action in which plaintiffs seek to have declared void a Consolidation Agreement between Presbyterian Junior College for Men, Inc., Peace College, Inc., and Flora Macdonald College, three nonstock educational corporations.

On July 1, 1957, the present plaintiffs instituted an action against Flora Macdonald College, a corporation, to enjoin the consolidation of said three colleges. In *Adams v. College*, 247 N.C. 648, 101 S.E. 2d 809, hereafter referred to as *first appeal*, this Court held that the demurrer to complaint was properly sustained but reversed the portion of the judgment which dismissed the action. (See opinion for full particulars.)

After decision on *first appeal*, to wit, on February 10, 1958, (after the Consolidation Agreement had been executed by Peace College, Inc., but before its execution by Flora McDonald College) plaintiffs instituted this (second) action against Flora MacDonald College, a corporation. In addition to facts alleged in their former action, plaintiffs alleged, in substance, that the only consolidation authorized by defendant's controlling Presbyteries was a consolidation of said three colleges and corporations; that the authorized consolidation was for a single corporation to establish and operate, in place of the three colleges then in operation, one new co-educational college to be located in or near Laurinburg, North Carolina; and that Peace College, Inc., had refused to enter a consolidation *as authorized*. Plaintiffs prayed, *inter alia*, that defendant, its trustees, officers, *etc.*, be restrained from executing a proposed consolidation agreement that would transfer, affect or impair defendant's title to its property or its authority to continue to operate Flora Macdonald College at Red Springs, North Carolina. On hearing in superior court to determine whether a tem-

porary restraining order should be continued in effect until final hearing, plaintiffs' application for injunctive relief was denied and their action dismissed.

In *Adams v. College*, 248 N.C. 674, 105 S.E. 2d 68, hereafter referred to as *second appeal*, this Court held erroneous the portion of the judgment which dismissed the action. It then appeared that said three corporations, subsequent to the hearing in superior court, had executed and filed in the office of the Secretary of State the Consolidation Agreement now challenged by plaintiffs. In remanding the case, this Court, in opinion by *Johnson, J.*, suggested the necessity for amended pleadings and additional necessary parties as prerequisite to a full and final determination of the validity of the (executed) Consolidation Agreement. (See opinion for full particulars.)

Thereafter, pursuant to court order, the Fayetteville Presbytery, the Wilmington Presbytery, the Orange Presbytery, Peace College, Inc., Presbyterian Junior College for Men, Inc., the First Presbyterian Church of Raleigh, Synod of North Carolina Presbyterian Church in the United States, and Consolidated Presbyterian College, Inc., were made additional parties defendant; and plaintiffs filed an amended complaint in which they attacked, on grounds considered in the opinion, the (executed) Consolidation Agreement.

A joint answer was filed in behalf of the Fayetteville Presbytery, the Wilmington Presbytery, the Orange Presbytery, Synod of North Carolina Presbyterian Church in the United States and Consolidated Presbyterian College, Inc. A separate answer was filed in behalf of the First Presbyterian Church of Raleigh.

Defendant Consolidated Presbyterian College, Inc., moved that the purported service of summons and amended complaint on (1) Presbyterian Junior College for Men, Inc., (2) Peace College, Inc., and (3) Flora Macdonald College, be quashed. This motion was denied. Thereupon, Consolidated Presbyterian College, Inc., filed an additional answer in which it affirmed and adopted in behalf "of said three predecessor corporations" the joint answer theretofore filed by Consolidated Presbyterian College, Inc., *et al.*, referred to above.

At trial, evidence was offered by plaintiffs and by defendants; and, at the conclusion of all the evidence, the court entered judgment of involuntary nonsuit. Plaintiffs excepted and appealed.

*Varser, McIntyre, Henry & Hedgpeth and Douglass & McMillan for plaintiffs, appellants.*

*Smith, Leach, Anderson & Dorsett for defendants, appellees.*

BOBBITT, J. If the Consolidation Agreement is valid, upon the

filing thereof on May 28, 1958, in the office of the Secretary of State, the separate existence of each of the three consolidating (predecessor) corporations terminated. G.S. 55A-42.

The Consolidation Agreement contains this provision: "Until such time as the Consolidated Presbyterian College shall be opened to students the consolidated corporation shall continue to operate Flora Macdonald College, Peace College, and Presbyterian Junior College for Men, at their present locations and under their present names; and for this purpose the present Board of Trustees of each of said Institutions shall be constituted as a Board of Managers for each respective institution to operate said institutions *in accordance with powers and authority delegated by the Board of Trustees of the consolidated corporation.*" (Our italics) If, as defendants assert, the Consolidation Agreement is valid, the plaintiffs, by virtue of the quoted provision, are presently members of the Board of Managers of Flora Macdonald College.

Prior to the filing of the Consolidation Agreement the plaintiffs were four of the thirty-eight members of the Board of Trustees of Flora Macdonald College, a corporation.

When the prior appeals were heard, the plaintiffs were seeking to enjoin a consolidation they alleged to be materially different from the consolidation contemplated by the Synod's resolutions of July 13, 1955, and of June 26, 1957, and thereafter ordered by the Fayetteville, Orange and Wilmington Presbyteries.

This Court, on *first appeal,* said: "The complaint and exhibits show that, while legal title to the property vests in defendant, the Fayetteville, Orange and Wilmington Presbyteries of the North Carolina Synod of the Presbyterian Church in the United States are the beneficial owners of defendant, and through trustees elected by them are in possession and control of its property and assets. As to this, plaintiffs' Exhibit D is explicit; and we find nothing in plaintiffs' allegations or exhibits in conflict therewith. No facts are alleged to support a contention that the defendant, its officers or trustees have any legal rights they may assert *against* the owning and controlling Presbyteries." Again: ". . . *the three Presbyteries,* not the Synod, own and control Flora Macdonald College."

When the former appeals were heard, the owning and controlling Presbyteries were not parties to the action. Plaintiffs, who derive their status as trustees from said Presbyteries, were seeking to enjoin Flora Macdonald College, a corporation, its trustees, officers, *etc.,* from effecting a consolidation alleged to be materially different from that authorized and directed by the three Presbyteries. This Court

recognized plaintiffs' legal capacity as trustees to assert such rights *in behalf* of said Presbyteries.

Whether the consolidation effected by the Consolidation Agreement is materially different from the consolidation originally contemplated by the Synod and by the three Presbyteries, on account of provisions relating to Peace College or otherwise, is now academic. At the hearing below, it was stipulated that the following resolution was adopted by the Fayetteville Presbytery on February 17, 1959, by the Wilmington Presbytery on February 19, 1959, and by the Orange Presbytery on February 20, 1959:

"RESOLVED, that this Presbytery does hereby expressly approve, ratify and affirm that agreement of consolidation which was executed by Peace College, Inc. on December 17, 1957, by Flora Macdonald College on May 7, 1958, by Presbyterian Junior College for Men, Inc. on May 12, 1958, and which was filed in the office of the Secretary of State of North Carolina on May 28, 1958, a certified copy of said executed agreement of consolidation being presented to this meeting.

"RESOLVED FURTHER, that this Presbytery does hereby specifically approve and affirm the right and authority of the Trustees and officers of Flora Macdonald College to execute said agreement of consolidation and does agree that such action was taken pursuant to and in compliance with the authority and instruction of a resolution adopted by this Presbytery (July 25, July 26, September 8) 1955."

Thus, each of the three owning and controlling Presbyteries has expressly approved, ratified and affirmed the specific Consolidation Agreement now challenged by plaintiffs. Moreover, they do so in their answer herein.

This Court, on *first appeal,* said: "Suffice to say, whether the consolidation presently authorized or any other consolidation that may be authorized is wise or prudent is for determination by the three controlling Presbyteries, not by the court." Indeed, the three controlling Presbyteries, if they determined it was wise or prudent to do so, could have directed a consolidation, on such terms as they deemed appropriate, of Flora Macdonald College and Presbyterian Junior College for Men, excluding Peace College altogether.

Plaintiffs contend the Consolidation Agreement was not legally authorized by the Board of Trustees of Flora Macdonald College, a corporation, or properly executed in its behalf. In this connection, plaintiffs cite G.S. 55-171. It is noted that Section 1 of the "Non-Profit Corporation Act," S.L. of 1955, c. 1230, effective July 1, 1957 provides: "All provisions relating to non-profit corporations appear-

ing in Chapter 55 of the General Statutes of North Carolina, as the same appears in Volume 2B and all supplements thereto, except as they apply to hospital service corporations regulated by Chapter 57, are hereby repealed and the following new Chapter, to be designated as Chapter 55A, is hereby inserted immediately following Chapter 55, and shall read as follows": The Consolidation Agreement refers specifically to G.S. 55A-39 through G.S. 55A-42.

It appears that the Consolidation Agreement was executed on behalf of Peace College, Inc., on December 17, 1957, the date it bears. There was a meeting of the Board of Trustees of Flora MacDonald College on February 11, 1958, the day after the present action was commenced, attended by twenty-four of the thirty-eight trustees, including three of the plaintiffs. The minutes show the adoption of a resolution which, omitting recitals, provided:

"That the Board take prompt and vigorous action to defend the suit seeking to set aside the will of Presbyteries and Synod;

"That the Board affirm its purpose and intent to comply with the direction and expressed wills of Orange, Fayetteville and Wilmington Presbyteries and the Synod of North Carolina as soon as the way may be cleared."

Flora MacDonald College was then temporarily restrained. "The meeting recessed to convene on three days notice at the call of the Chairman." The judgment (considered on *second appeal*) dissolving the temporary restraining order was signed March 22, 1958. Formal execution of the Consolidation Agreement was authorized at a "Recessed Meeting" held May 7, 1958. Thereupon, on May 7, 1958, the Consolidation Agreement was executed in the name of Flora Macdonald College, by Marshall Scott Woodson, as President, and by Charles W. Worth, as Secretary. The written consent of twenty-four of the thirty-eight trustees of Flora Macdonald College is attached to the Consolidation Agreement. Fourteen, including Halbert M. Jones, who presided at said meeting, signed such written consent on May 7, 1958. Each of the other ten signed within a few days thereafter. In a separate paper, these ten trustees specifically approved the resolution voted for by the fourteen at the meeting of May 7, 1958.

Plaintiffs, directing attention to the "Recessed Meeting" of May 7, 1958, contend that only sixteen trustees were present, including two of the plaintiffs; that only fourteen, less than a majority, voted for the resolution; and that no legal significance should be attached to the subsequent approval by the additional ten trustees. If the resolution adopted at the meeting of May 7, 1958, were *the sole authority* for the Consolidation Agreement, technical questions as to its authorization would be presented; but (apart from subsequent ratification

by the Presbyteries) we think the consolidation had been sufficiently authorized by the Board of Trustees of Flora Macdonald College at the meeting of February 11, 1958, and at prior meetings.

Finally, plaintiffs assert the Consolidation Agreement is invalid because the document is executed on behalf of Flora Macdonald College by Marshall Scott Woodson, as President. One of the plaintiffs testified that Woodson was President of the College but that Halbert M. Jones was President of the corporation. The minutes show that Jones was Chairman of the Board of Trustees. It appears that Woodson had executed legal documents in behalf of Flora Macdonald College, including notes and a deed, as President thereof. In any event, it appears that Halbert M. Jones signed the Consolidation Agreement on May 7, 1958; and the irregularity, if any exists, is technical rather than substantial.

It is quite evident that a majority of the Board of Trustees of Flora Macdonald College, at duly constituted meetings and otherwise, have approved the consolidation effected by the Consolidation Agreement. The trustees, including plaintiffs, as recited in the resolution adopted at their meeting on February 11, 1958, were "appointed by and responsible to" the Presbyteries which owned and controlled Flora Macdonald College. These three Presbyteries, as set forth above, have fully ratified the Consolidation Agreement as executed and filed. Such ratification suffices to cure technical irregularities, if any, in respect of the authorization and execution thereof by the Board of Trustees and officers of Flora Macdonald College.

Plaintiffs' contributions to Flora Macdonald College, whether in gifts or in service, their attachment to its traditions, and their desire that it continue to operate at Red Springs without involvement in the program of consolidation recommended by the Synod and directed by the Presbyteries, afford no basis for their prosecution of this action. They have no legal right to challenge a consolidation agreement fully ratified and approved by the Presbyteries which appointed them and to which they owe allegiance. In short, plaintiffs are not real parties in interest (G.S. 1-57), either individually or as trustees. Their status does not permit them to prosecute this action. As stated on *first appeal*, they do not have any legal rights "they may assert *against* the owning and controlling Presbyteries." Hence, the judgment of involuntary nonsuit will be affirmed.

Affirmed.